IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| BENJAMIN D. OVERTON | ) | Case No.: **9:20-cv-2958-BHH** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| BEAUFORT- JASPER- HAMPTON | ) | |
| COMPREHENSIVE HEALTH SERVICES, | ) | |
| INC., and JONATHAN GLEN, M.D. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO:    THE DEFENDANTS AND THEIR ATTORNEYS:

COMES NOW the Plaintiff, Benjamin D. Overton does hereby file this lawsuit under the Federal Tort Claims Act (FTCA) pursuant to 28 U.S.C. Section 1346(b), 2401(b), 2671-80 alleging the following:

## VENUE AND JURISDICTION

1. Benjamin Overton is presently a resident of the State of South Carolina, County of Beaufort.

2. The Defendant Beaufort-Jasper-Hampton Comprehensive health Inc., (BJHCH) is an incorporated agency under the laws of the State of South Carolina, doing business as a medical practice and acting by and through its respective employees, agents, officers, independent contractors and servants who were acting within the scope of their employment, agency, and /or contractual or other relationship or authority.

3. Upon information and belief the Defendants are liable to the Plaintiff for their tortious conduct pursuant to the FTCA.

Page 1

4. On February 3, 2018 the Plaintiff electronically -filed a *Notice of Intent to File Suit* pursuant to South Carolina Code Section 15-79-125, making it mandatory to mediate prior to filing the actual lawsuit in Common Pleas. [See **Plaintiff Exhibit A** -NOIFS]

5. Compliance with the requirements of South Carolina Code 15-79-125 does not waive or modify the Plaintiff's right to file suit against the Defendants or any other Defendant in any Court of competent jurisdiction. Filing the *Notice of Intent to File Suit* tolls the Statute of Limitations.

6. On April 11, 2018 the *Notice of Intent to File Suit* was served upon the Defendant's via personal service by Pam Jezewski a professional process server on an agent of Defendant located at 6315 Jonathan Francis Sr. Road in St. Helena Island, SC. 29920.

7. On February 5, 2019 a Roster Meeting was held in State Circuit Judge Mark Hays's chambers. Counsel for the Defendant's Barbara Bowers and Plaintiff's counsel both attended and the plan was to "stay" the State case while the Plaintiff files a Form 95 Administrative claim so as to have no problem with the Federal SOL. [See **Plaintiff's Exhibit B** - Letter from Barbara Bowers, Esq.]

8. On February 13, 2019 Plaintiff filed an administrative tort claim SF 95 under the FTCA 28 U.S.C. Section 1346(b), 2401(b), 2671-80 alleging medical malpractice against the named Defendants and it was denied on July 30, 2019. [See **Plaintiff's Exhibit C**- Letter from Department of Health & Human Services]

9. Next, Plaintiff filed a "Reconsideration" received by the agency within six (6)

months of the initial denial of the administrative claim which was denied pursuant to a letter dated February 20, 2020 which said that Plaintiff is entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing this determination (28 U.S.C. Section 2401(b)). [See **Plaintiff's Exhibit D**]

## SHORT STATEMENT OF THE FACTS

10. Plaintiff is a resident of the County of Beaufort in the State of South Carolina. At the time of the incident described herein, Benjamin Overton was fifty-three (53) years old.

11. On or about February 7, 2017 the Plaintiff went to see Dr. Glen at the BJHCH and was given a prescription of Bactrim DS tablets.

12. Plaintiff was allergic to any medication containing sulfa according to the medical records.

13. Shortly after taking a tablet the next day on February 8, 2017 Plaintiff experienced shortness of breath, vomiting and diarrhea.

14. Plaintiff drove himself to the emergency room of Beaufort Memorial Hospital At approximately 1530. His chief complaint was shortness of breath, vomiting and diarrhea, fever. After "taking the morning does it made me feel worse."

15. Emergency Clinical procedures included: Xray and CT of chest, CT abdomen and pelvis, EKG and medications, including Benadryl to counteract the sulfa.

16. Plaintiff told the ER physician Dr. Evan Kane, M.D. that nobody told him that

Bactrim contained sulfa.

17. Plaintiff's initial vital signs upon arrival at the ER were a 101.7 temperature, heart rate of 118, white count of 13,000.

18. Plaintiff was admitted to a bed on the medical floor for further observation.

## DEVIATIONS FROM THE STANDARD OF CARE

19. The medical treatment rendered to the Plaintiff at BJHCH fell beneath the applicable standard of care, as they acted carelessly, recklessly and with gross negligence. Defendants failed to meet the standard of care in one or more of the following acts or omissions:

    a. failing to use due care to recognize the allergy to sulfa;

    b. failing to use due care to prescribe a medication without sulfa.

    c. failing to exercise that degree of knowledge, care and skill in the interpretation, diagnosis, care, and treatment of Plaintiff's medical condition ordinarily possessed by physicians and medical personnel similarly situated throughout the United States, including the State of South Carolina.

    d. departing from generally accepted standards of the medical practice, which existed throughout the United States, including the State of South Carolina, in the interpretation, diagnosis, care, and treatment of the Plaintiff's medical condition; and

    e. in otherwise failing to use due care.

## CONSEQUENTIAL AND RESULTING DAMAGES

20. One or more of the deviations from the standard of care as set forth above proximately caused the life-threatening injury to the Plaintiff, which resulted in a hospital stay of four (4) days. If the Defendants had not deviated from the standard of care, Plaintiff would not have had to go to the emergency room and stay in the hospital for four (4) days for observation.

21. At all relevant times, Defendants acted by and through its agents, contractors, employees, residents, officers and directors, actual or apparent, all or any of whom were acting within the course and scope of their employment, agency, duties or authority and for whom they were responsible under law of *respondeat superior*, nondelegable duty and/ or vicarious liability.

22. In the treatment of patients, including the Plaintiff, Defendants , including the named Defendants and all other medical providers who treated Plaintiff at BJHCH owed a duty of care to the Plaintiff and were required to exercise the degree of skill, care, and learning ordinarily used under the same or similar circumstances by members of their profession. In their treatment of Plaintiff, Defendants has a duty to do that which a reasonably prudent health provider or health institution would do or not to do that which a reasonably prudent health care provider or health care institution would not do under the same or similar circumstances.

23. As a direct and proximate result of the careless, reckless, and grossly negligent conduct of the Defendants, as set forth above Plaintiff was not provided with appropriate medical treatment; Plaintiff incurred unnecessary medical costs and expenses; and he suffered pain and suffering, life-threatening symptoms, and other damages, including but not limited to: pecuniary loss, medical expenses, pain and suffering, mental shock and suffering, wounded feelings, grief and sorrow, restriction of movement, discomfort and loss of enjoyment of life.

24. Each of the defendants, either jointly or severally, acting alone or in combination, is responsible for the acts herein and for the damages to Plaintiff.

## AFFADAVIT IF EXPERT

25. The Plaintiff asserts that the affidavit of an expert specifying at least one (1) negligent act or omission claimed to exist and the factual basis for each claim based upon the available evidence at this time, is not necessary based upon the 'common knowledge" exception specified in S.C. Code Section 15-36-100 ©(2) states in pertinent part: *The contemporaneous filing requirement of subsection (B) is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant.*

ERICKSON LAW FIRM LLC

s/: Eric J. Erickson, Esquire
FED ID# 6823
One Beaufort Town Center
2015 Boundary Street, Suite 328
Beaufort, SC  29902
T: 843. 522.9164
F. 888.522.8108
attorney@ericjericksonlaw.com

Charleston, South Carolina

_8/16_, 2020