IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Benjamin D. Overton, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. 9:20-cv-2958-BHH |
| v. | ) ) | |
| Beaufort Jasper Hampton Comprehensive Health Services, Inc., and Jonathan Glen, M.D., | ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

On August 16, 2020, Plaintiff Benjamin D. Overton ("Overton") filed this action, alleging medical malpractice against Defendants Beaufort Jasper Hampton Comprehensive Health Services, Inc. ("the Health Center") and Jonathan Glen, M.D. ("Dr. Glen") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. On October 19, 2020, the United States of America ("United States") filed a motion to be substituted as a party Defendant for the Health Center and Dr. Glen pursuant to 28 U.S.C. § 2679(d)(1), because Beaufort-Jasper-Hampton Comprehensive Health Services, Inc,. is a federally supported health center and Dr. Glen is a federal employee of the public health service under the Federally Supported Health Center Assistance Act, 42 U.S.C. § 233 ("FSHCAA"). The Court granted as unopposed the United States' motion to be substituted as Defendant. (ECF No. 14.)

On October 19, 2020, the United States filed a motion to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on Plaintiff's failure to timely exhaust administrative remedies in accordance with the FTCA. The matter has been fully briefed and is ripe for review, and

for the reasons set forth below, the Court grants the United States' motion.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether the Court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether subject matter jurisdiction exists, the Court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

## DISCUSSION

In this action, Plaintiff asserts that he saw Dr. Glen at the Health Center on February 7, 2017, and that Dr. Glen prescribed him a medication containing sulfa despite the fact that Plaintiff's medical records indicated that Plaintiff was allergic to medication containing sulfa. (ECF No. 1 ¶¶ 11-12.) Plaintiff asserts that after he took the medication on February 8, 2017, he suffered shortness of breath, vomiting, and diarrhea, and that he visited the emergency room and was admitted to the hospital as a result. (*Id.* at 14.) Plaintiff admits in his complaint and in response to Defendant's motion to dismiss that he became aware of his alleged injury on February 8, 2017. (ECF Nos. 1 at ¶¶ 14-16 and 12 at 1.)

On February 3, 2018, Plaintiff electronically filed a notice of intent to file suit against the Health Center and Dr. Glen in the Court of Common Pleas for Beaufort County, South Carolina, pursuant to South Carolina Code § 15-79-125. (ECF No. 1-1.) Importantly,

however, on August 20, 2018, the United States Department of Health and Human Services, Office of General Counsel, mailed a letter to Plaintiff specifically outlining the required procedure for Plaintiff to file an action under the Federal Tort Claims Act. (ECF No. 8-2.) This letter provides in pertinent part:

> The Department of Health and Human Services ("Agency") is in receipt of the above-referenced notice of intent to file suit dated February 2, 2018 and filed in the Court of Common Pleas, Beaufort County, South Carolina, naming as defendants Beaufort-Jasper-Hampton Comprehensive Health Services ("Health Center"), and Dr. Jonathan Glen. The notice was served on the Health Center and Dr. Glen on April 13, 2018. . . .
>
> . . . Under the provisions of the FSHCAA the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 is the exclusive remedy for injuries, including death, caused by employees deemed community health center occurring on or after January 1, 1992, or when the Health Center was deemed _eligible_ for FTCA coverage.
>
> To the extent your client has a claim concerning the actions of the Health Center and Dr. Glen providing medical services within the scope of his employment, your client must first exhaust his administrative remedies as a prerequisite to the commencement of a civil action in tort. This jurisdictional prerequisite cannot be waived. In order for a claim to be valid, damages must be stated in a "sum certain" (exact dollar amount). 28 U.S.C. § 2675(b); 28 C.F.R. § 14.1(a). In addition, an administrative claim must be filed with the appropriate federal agency within two years from the date such claim accrues or it shall be forever barred. 28 U.S.C. § 2401(b). . . . According to our records, **no administrative claim has been filed in this case.**

(ECF No. 8-2 at 1-2 (emphasis in original).) The letter included a copy of the Standard Form 95 and for completion and included directions for properly submitting the form. (_Id._ at 2-3.) This letter was received by Plaintiff's counsel and signed for on August 27, 2018.

On February 1, 2019, Civil Chief for the United States Attorney's Office, Barbara Bowens ("Bowens"), emailed Plaintiff's counsel regarding a mediation scheduled for the state court case. (ECF No. 1-2.) Bowens indicated to Plaintiff's counsel that because the state court action was not brought against the United States at that point, the United States

3

would not appear at mediation, and because no federal tort claim was currently before the agency, the agency had no authority to mediate the case.  (*See id.* at 1 ("[U]ntil a federal tort claim is actually filed, the agency in question, HHS, has no authority to mediate the case since no tort claim is currently pending before the agency.").)

Plaintiff alleges that on February 5, 2019, Circuit Judge Mark Hays held a roster meeting in chambers, and that Bowens and counsel for Plaintiff both attended "and the plan was to 'stay' the case while the Plaintiff files a Form 95 Administrative claim so as to have no problem with the [f]ederal [statute of limitations]."  (ECF No. 1 at ¶ 7.)  Plaintiff then asserts that he filed an administrative Standard Form 95 on February 13, 2019.  (*Id.* ¶ 8.)  Plaintiff's claim was denied initially on July 30, 2019, and on reconsideration on February 20, 2020.  (ECF Nos. 1-3 and 1-4.)  The second denial letter specifically stated that Plaintiff's "administrative tort claim was received on February 13, 2019, more than two years after the date on which it was accrued and is, thus untimely under the FTCA."  (ECF No. 1-4 at 1.)

As the United States points out in its motion to dismiss, the United States is immune from suit unless it consents to be sued.  *See Frahm v. United States*, 492 F.3d 258 (4th Cir. 2007).  Here, Plaintiff seeks to recover against the United States under the limited waiver of sovereign immunity provided for in the FTCA.  Importantly, the circumstances of sovereign immunity "must be scrupulously observed and not expanded by the courts." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).  "Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs [ ] must file an FTCA action in careful compliance with its terms."  *Id.* (citing *College v. United States*, 411 F.Supp. 738 (D.Md.1976), aff'd, 572 F.2d

4

453 (4th Cir.1978)). As a jurisdictional prerequisite to suit–one that cannot be waived–an administrative claim must be presented to the government within two years after the claim accrues. *Id.*; *see also* 28 U.S.C. § 2401(b) (1994) (explaining that a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986).

In this case, Plaintiff asserts in response to the United States' motion to dismiss that his attorney and Bowens agreed to continue the state motions for 30 days to permit Plaintiff to file the standard form 95, and Plaintiff alleges that these "negotiations" effectively gave Plaintiff an additional 30 days from February 5, 2019, to timely file the standard form 95. Plaintiff also argues that the United States should have accepted jurisdiction of the state court action and removed it to federal court. Finally, Plaintiff asserts that his claim was fairly presented to the United States by virtue of the state court action and the motions filed in state court. (ECF No. 12 at 3-5.)

After review, the Court is not convinced by any of Plaintiff's arguments and finds it clear from the record that Plaintiff failed to timely file an administrative claim with the agency and exhaust his administrative remedies in accordance with the FTCA. As a practical matter, the Court notes that Plaintiff's reliance on the removal statutes is misplaced because the argument wholly overlooks the underlying issue of Plaintiff's failure to timely file an administrative claim in accordance with the FTCA. *See Kokotis*, 223 F.2d at 278 (stating that "[t]he FTCA's implementing regulations consider a claim to be property presented when the government receives a completed SF95 (or other written notification of an incident), *and* "a claim for money damages *in a sum certain*," and explaining that

"[f]ailure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit"). Moreover, the Court finds no merit to Plaintiff's argument that alleged negotiations between his attorney and Bowens somehow altered the plain statutory requirement of presenting his administrative claim to the agency within two years of its accrual in "careful compliance" with the FTCA. Nor does the Court find any merit to Plaintiff's argument that the state court action effectively gave notice to the United States or equitably tolled the statute of limitations under the FTCA. *See Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986) (finding that filing a state court action does not provide sufficient notice to the federal agency under the FTCA). Ultimately, because Plaintiff failed to timely file his administrative claim in accordance with the FTCA, the Court agrees with the United States that the Court lacks subject matter jurisdiction and dismissal is mandatory.

## **CONCLUSION**

Based on the foregoing, the United States' motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **granted**.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 28, 2021
Charleston, South Carolina